J-S21007-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ATEF V. JELASSI, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NANCY NINEL VULAKH, | : | |
| | : | |
| Appellant | : | No.  688 WDA 2016 |

Appeal from the Order April 15, 2016
in the Court of Common Pleas of Cameron County,
Civil Division, at No(s): 2013-1889

BEFORE:    LAZARUS, DUBOW, and STRASSBURGER, JJ.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.: FILED: May 30, 2017

Because the trial court erred by failing to vacate the divorce decree, I respectfully dissent and offer the following analysis.

I agree with the trial court and the Majority that the only way Vulakh can prevail on her petition to vacate the divorce decree is if she can demonstrate extrinsic fraud.  One type of extrinsic fraud is found where one party has kept another "away from court by false promise of compromise." ***Fenstermaker, v. Fenstermaker***, 502 A.2d 185, 188 (Pa. Super. 1985) (quoting ***McEvoy v. Quaker City Cab Co.***, 110 A. 366, 368 (Pa. 1920)).

In ***Fenstermaker***, this Court held that the trial court did not err in concluding there was extrinsic fraud caused by the husband's "continued representations to [the wife] evidencing his 'intention' to finalize their property settlement." ***Id***. at 190.  The Court held that the trial court could

*Retired Senior Judge assigned to the Superior Court.

exercise its "equitable power to effectuate economic justice" where the wife "did not have the opportunity to litigate these economic claims." *Id*.

Similarly, Vulakh testified that she "reviewed the postnuptial agreement, and [] discussed [with Attorney Grannan] that that was supposed to be incorporated together." N.T., 1/6/2016, at 10. Vulakh testified that her soon-to-be ex-husband "verbally agreed to it, but he hasn't done anything for it." *Id*. at 11. Attorney Grannan testified that after Vulakh confronted him about the fact that the post-nuptial agreement was not included, he told her that he would "be happy to testify at any hearing that was conducted in this about the communications, about her intentions and about what actually happened."[1] *Id*. at 16.

Based on the foregoing, Jelassi's assurances that he would sign a postnuptial agreement, coupled with the troubling nature of Attorney Grannan's representation of the parties to this divorce,[2] I conclude that the trial court erred in denying Vulakh's petition to vacate.

---

[1] Jelassi did not appear or testify at the hearing because he is living out of the country with his new wife and baby.

[2] *See* Majority Memorandum, at n.4.